UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | | |
|---|---|---|
| WILLIAM MONTGOMERY, | ) | |
| | ) | |
| *Plaintiff-Appellant,* | ) | |
| | ) | |
| v. | ) | Case No. 21-1134 |
| | ) | |
| DON CALVANO, | ) | |
| | ) | |
| *Defendant-Appellee*. | ) | |

## CORRECTED ANSWER BRIEF FROM APPELLEE DON CALVANO

On appeal from the United States District Court for the District of Colorado
The Honorable Philip A. Brimmer, Chief United States District Judge
Case No. 1:19-cv-00387-PAB-MEH

**ORAL ARGUMENT IS NOT REQUESTED**

**THIS DOCUMENT HAS BEEN CONVERTED TO NATIVE PDF ATTACHMENTS IN SCANNED PDF**

**August 30, 2021**

Katherine N. Hoffman, Esq.
Ryan L. Winter, Esq.
HALL & EVANS, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Phone: (303) 628-3300
hoffmank@hallevans.com
winterr@hallevans.com;
**ATTORNEYS FOR DEFENDANT-APPELLEE DON CALVANO**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................iv

I. STATEMENT OF PRIOR OR RELATED APPEALS .......................................1

II. STATEMENT ON THE ISSUES .....................................................................1

III. STATEMENT OF FACTS ..............................................................................1

IV. PROCEDURAL HISTORY .............................................................................3

V. SUMMARY OF ARGUMENT ........................................................................6

VI. STANDARD OF REVIEW ..............................................................................8

    A. STANDARD OF REVIEW BELOW .................................................................8

    B. STANDARD OF REVIEW ON APPEAL ....................................................10

VII. ARGUMENT ...............................................................................................10

    A. THE DISTRICT COURT PROPERLY CONCLUDED OFFICER
       CALVANO WAS ENTITLED TO QUALIFIED IMMUNITY .................10

    B. PLAINTIFF'S ARGUMENT THAT THE MAGISTRATE JUDGE
       IMPROPERLY RELIED ON PLAINTIFF'S REFUSAL TO RESPOND TO
       OFFICER CALVANO'S QUESTIONS IN ANALYZING PLAINTIFF'S
       CLAIM IS IRRELEVANT ..................................................................23

    C. IN THE ALTERNATIVE, THIS COURT MUST AFFIRM THE
       DISMISSAL OF THIS ACTION ON DIFFERENT GROUNDS ...............26

CONCLUSION ....................................................................................................31

STATEMENT REGARDING ORAL ARGUMENT .........................................31

CERTIFICATION OF COMPLIANCE WITH RULE 32(a)..................................31

ATTACHMENTS:

06-03-20    RECOMMENDATION OF U.S. MAGISTRATE JUDGE
            [ECF 60]

03-15-21    ORDER ACCEPTING MAGISTRATE RECOMMENDATION
            [ECF 67]

03-16-21    FINAL JUDGMENT [ECF 68]

## Table of Authorities

### Cases

*Ashcroft v. al-Kidd*,
563 U.S. 731 (2011) ................................................................ 11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................. 9, 28

*Baptiste v. J.C. Penney Co.*,
147 F.3d 1252 (10th Cir. 1998) ..................................... 6, 13, 14, 15

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................... 8, 9

*Camreta v. Greene*,
563 U.S. 692 (2011) .................................................................. 24

*City of Lawton v. Lusby*,
474 U.S. 805 (1985) .................................................................... 7

*Clark v. Wilson*,
625 F.3d 686 (10th Cir. 2010) .................................................... 12

*District of Columbia v. Wesby*
138 S. Ct. 577 (2018) ................................................................ 19

*Elder v. Holloway*,
510 U.S. 510 (1994) .................................................................. 11

*Gramenos v. Jewel Cos.*,
797 F.2d 432 (7th Cir. 1986) ...................................................... 14

*Grissom v. Roberts*,
902 F.3d 1162 (10th Cir. 2018) ................................................... 12

*Harbin v. City of Albuquerque*,
2006 U.S. Dist. LEXIS 115999 (D.N.M. Apr. 11, 2006) ................ 21

*Harlow v. Fitzgerald*,
457 U.S. 800 (1982) .................................................................. 11

*Hunt v. Bd. of Regents*,
792 F. App'x 595 (10th Cir. 2019) ..................................................... 24

*Kaufman v. Higgs*,
697 F.3d 1297 (10th Cir. 2012) ...................................................... 25

*Kerns v. Bader*,
663 F.3d 1173 (10th Cir. 2011) ...................................................... 11

*Khalik v. United Air Lines*,
671 F.3d 1188 (10th Cir. 2012) ........................................................ 8

*Koch v. City of Del City*,
660 F.3d 1228 (10th Cir. 2011) ...................................................... 25

*Lusby v. T.G. & Y. Stores* ,
749 F.2d 1423 (10th Cir. 1984) .................................... 6-7, 16, 19, 20

*McNeil v. United States*,
508 U.S. 106 (1993) ...................................................................... 10

*Mecham v. Frazier*,
500 F.3d 1200 (10th Cir. 2007) ...................................................... 22

*Mick v. Brewer*,
76 F.3d 1127 (10th Cir. 1996) ....................................................... 11

*Mitchell v. Forsyth*,
472 U.S. 511 (1985) ...................................................................... 10

*Mobley v. McCormick*,
40 F.3d 337 (10th Cir. 1994) ........................................................... 8

*Mullenix v. Luna*,
136 S. Ct. 305 (2015) .................................................................... 12

*Ogden v. San Juan County*,
32 F.3d 452 (10th Cir. 1994) ................................................. 9-10, 10

*Pace v. Swerdlow*,
519 F.3d 1067 (10th Cir. 2008) ...................................................... 28

*Patel v. Hall*,

849 F.3d 970 (10th Cir. 2017) ...................................................................... 13

*Pearson v. Callahan*,
555 U.S. 223 (2009) .................................................................................. 11

*Pueblo Neighborhood Health Centers, Inc. v. Losavio*,
847 F.2d 642 (10th Cir. 1988) .................................................................. 11

*Renaud v. Wyo. Dep't of Family Servs.*,
203 F.3d 723 (10th Cir. 2000) .................................................................. 27

*Ridge at Red Hawk, L.L.C. v. Schneider*,
493 F.3d 1174 (10th Cir. 2007) ................................................................. 9

*Romero v. Fay*,
45 F.3d 1472 (10th Cir. 1995) .................................................................. 27

*Sanchez v. Hartley*,
810 F.3d 750 (10th Cir. 2016) .................................................................. 10

*Saucier v. Katz*,
533 U.S. 194 (2001) .................................................................................. 11

*Shero v. City of Grove*,
510 F.3d 1196 (10th Cir. 2007) .................................................................. 8

*Stonecipher v. Valles*,
759 F.3d 1134 (10th Cir. 2014) ................................................. 27, 28, 30, 31

*United States v. Hunnicutt*,
135 F.3d 1345 (10th Cir. 1998) ................................................................ 26

*United States v. One Parcel of Real Prop.*,
73 F.3d 1057 (10th Cir. 1996) ............................................................... 5, 6

*White v. Pauly*,
137 S. Ct. 548 (2017) ............................................................................... 12

*Wilson v. Layne*,
526 U.S. 603 (1999) .................................................................................. 12

*Workman v. Jordan*,
958 F.2d 332 (10th Cir. 1992) .................................................................. 11

***Zimomra v. Alamo Rent-A-Car,***
   111 F.3d 1495 (10th Cir. 1997) ........................................................................ 28

**Statutes and Other**

28 U.S.C. § 1915(e)(2)(B)(i) ........................................................................ 4, 5

28 U.S.C. §§ 12-3004 ................................................................................ 28

Colo. Rev. Stat. § 16-3-102 ......................................................................... 27

10th Cir. R. 25.5 ...................................................................................... 35

10th Cir. R. 31.5 ...................................................................................... 36

Fed. R. App. P. 32(a)(5) ............................................................................ 34

Fed. R. App. P. 32(a)(7) ............................................................................ 34

Fed. R. Civ. P. 8 ..................................................................................... 18

Fed. R. Civ. P. 12(b)(6) .............................................................................. 8

RULE 32(a)(7) .......................................................................................... 2

# I.  STATEMENT OF PRIOR OR RELATED APPEALS

None.

# II.  STATEMENT OF THE ISSUES

Whether the District Court properly found that Officer Calvano was entitled to qualified immunity on Plaintiff's second claim for relief?

# III.  STATEMENT OF FACTS[1]

On February 12, 2017, at approximately 6:45p.m., Plaintiff William Montgomery entered a Walmart Superstore in Commerce City, Colorado through the building's north entrance.  [ROA at 149].  Plaintiff observed Defendant, a Commerce City police officer, "posted up" just inside the building entrance.  [*Id.*].  At approximately 6:52p.m., Plaintiff purchased a package of cheddar cheese for $2.37 and paid for this item with cash at a self-service checkout register located near the building's south entrance.  [ROA at 149-50].  Plaintiff did not put the cheese in one of the store-provided plastic bags, to "save a plastic tree."  [ROA at 150].

---

[1] Plaintiff includes no citations to the record on appeal in his statement of facts.  [Op. Br. at 2].  Officer Calvano requests this Court disregard Plaintiff's assertions to the extent he misstates the allegations of the Amended Complaint.  The relevant facts for purposes of Plaintiff's appeal are the facts as pled in his Amended Complaint, [ROA at 145-59], which were the facts considered by the District Court in dismissing his Amended Complaint.  [ROA at 364-76].  These facts, which are also contained in the Recommendation, [ROA, at 322-43], are recounted in pertinent part here.

Carrying the cheese in hand, Plaintiff walked toward and exited through the building's north entrance. [*Id.*].

While exiting, Plaintiff walked past Officer Calvano and a Walmart employee. [*Id.*]. Plaintiff's receipt was not visible to Officer Calvano. [*Id.*]. The employee said something to Officer Calvano, and Officer Calvano began walking toward Plaintiff. [ROA at 150-51]. Plaintiff noticed Officer Calvano walked toward him, turned around, and asked if Officer Calvano was "detaining" him. [*Id.*]. Officer Calvano responded, "I am, I need to see your receipt. So when they ask you, you have to show it. So do you have a receipt for the merchandise?". [ROA at 151]. Plaintiff declined to show Officer Calvano his receipt, instead stating he "does not confirm nor deny that he paid for the merchandise" and he was "exercising his rights." [*Id.*]. Plaintiff claimed Walmart shoppers could not be detained for declining to show their receipts. [*Id.*]. Officer Calvano asked Plaintiff to sit down, which he did, and provide his identification, which he did by reciting his identification information, claiming he did not have his physical identification card on him. [ROA at 152].

Officer Calvano detained Plaintiff for fourteen minutes while several Walmart employees investigated whether Plaintiff paid for his merchandise. [*Id.*]. During

this time, Officer Calvano remained next to Plaintiff and allegedly did not conduct any further investigation into this matter. [*Id.*].

A Walmart employee informed Officer Calvano that "he [Plaintiff] did not pay for the merchandise." [*Id.*]. Officer Calvano then told Plaintiff he was being placed under arrest for shoplifting and directed Plaintiff to the back of the store. [ROA at 153]. Officer Calvano issued Plaintiff a municipal court summons for petty theft in the amount of $2.37 and told Plaintiff he was free to go. [*Id.*]. As Plaintiff was exiting the building through a back exit, "he turned around and provided … Officer [Calvano] with his receipt," which he previously refused to provide. [*Id.*]. After verifying the receipt with a Walmart employee, Officer Calvano returned the receipt to Plaintiff and advised him the summons was rescinded. [*Id.*].

## IV.   <u>PROCEDURAL HISTORY</u>

On February 12, 2019, Plaintiff, proceeding pro se, filed his initial complaint in this matter, alleging two claims against Officer Calvano for unreasonable seizure in violation of the Fourth Amendment. [ROA at 9-20[2]]. Specifically, Plaintiff alleged Officer Calvano lacked reasonable, articulable suspicion to stop Plaintiff (first claim for relief) and lacked probable cause for arrest (second claim for relief).

---

[2] The record on appeal consists of one volume. Therefore, references will be to the page in the record with no volume designation.

[*Id.*].  During initial screening, Senior Judge Lewis T. Babcock dismissed Plaintiff's first claim for relief as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  [ROA at 22-28].  On May 9, 2019, Plaintiff filed a Motion for Reconsideration of the Court's order.  [ROA at 29-35].  On July 3, 2019, Officer Calvano filed a Motion to Dismiss Plaintiff's remaining claim.  [ROA at 36-51].  Rather than respond to Officer Calvano's Motion, Plaintiff instead filed an Amended Complaint on July 25, 2019.  [ROA at 145-59].  In response, Officer Calvano filed a Motion to Dismiss the Amended Complaint.  [ROA at 160-75].

On March 9, 2020, Chief Judge Phillip A. Brimmer granted Plaintiff's Motion for Reconsideration.  [ROA at 220-26].  Additionally, Chief Judge Brimmer denied Officer Calvano's Motion to Dismiss the Amended Complaint as moot with leave to refile.  [*Id.*].

On March 30, 2020, Officer Calvano filed a Second Motion to Dismiss the Amended Complaint.  [RAP at 227-46].  Plaintiff filed a Response [RAP at 280-311], and Officer Calvano filed a Reply [RAP at 312-21].  On June 3, 2020, Magistrate Judge Michael E. Hegarty issued a Recommendation finding Officer Calvano had established a reasonable officer could have believed that reasonable suspicion existed to support the challenged detention underlying Plaintiff's first claim for relief, and a reasonable officer could have believed that probable cause

existed to support the challenged arrest underlying Plaintiff's second claim for relief. [RAP at 322-43]. Magistrate Judge Hegarty recommended Chief Judge Brimmer find Officer Calvano was entitled to qualified immunity on both claims and grant Officer Calvano's Second Motion to Dismiss. [*Id.*].

Plaintiff filed an Objection challenging only the portion of the Recommendation which addressed his second claim for relief. [RAP at 344-55]. Plaintiff did not challenge the Recommendation as to his first claim for relief.[3] [*Id.*]. Officer Calvano filed a Response to Plaintiff's Objection. [RAP at 356-63]. On March 15, 2021, Chief Judge Brimmer issued an Order Accepting the Magistrate Recommendation. [RAP at 364-76]. Chief Judge Brimmer noted Plaintiff had not

---

[3] Plaintiff has waived his right to appeal the Recommendation and Order regarding his first claim for relief. ***United States v. One Parcel of Real Property***, 73 F.3d 1057, 1059-60 (10th Cir. 1996) (the Tenth Circuit adopts "a firm waiver rule" that "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions" and "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."). Plaintiff does not contest the waiver of his right to appeal the first claim for relief. [Op. Br. at 2 ("Plaintiff did not explicitly object to the Magistrate Judge's Recommendation to dismiss Plaintiff's first claim, thus waiving appellate review of it.")]. Plaintiff does not set forth any arguments regarding his first claim for relief in his Opening Brief. [*See* Op. Br. generally]. As such, Plaintiff has waived his right to appeal his first claim for relief, and this claim should not be considered by the Court.

objected to the portion of the Recommendation addressing his first claim for relief. [*Id.*].  Nonetheless, Chief Judge Brimmer reviewed the non-objected portion of the Recommendation for clear error and determined it contained a correct application of the facts and the law.  [*Id.*].  Additionally, Chief Judge Brimmer found no errors in the objected portions of the Recommendation.  [*Id.*].  In so finding, Chief Judge Brimmer held Officer Calvano was entitled to qualified immunity on both claims and ordered Plaintiff's Amended Complaint be dismissed with prejudice.  [RAP at 377].

On April 12, 2021, Plaintiff filed a Notice of Appeal.  [ROA at 379].  On June 15, 2021, Plaintiff filed his Opening Brief, to which Officer Calvano now responds.

## V.  <u>SUMMARY OF ARGUMENT</u>

The crux of Plaintiff's claim is that Officer Calvano arrested Plaintiff after improperly delegating his investigation to Walmart employees.  The District Court properly determined Officer Calvano was entitled to qualified immunity on both claims and dismissed Plaintiff's Amended Complaint, and this Court should affirm the same.

To begin, Plaintiff has not shown a violation of clearly established law. Plaintiff points to two Tenth Circuit cases—***Baptiste v. J.C. Penney Company, Inc.***, 147 F.3d 1252 (10th Cir. 1998), and ***Lusby v. T.G. & Y Stores, Inc.***, 749 F.2d 1423

6

(10th Cir. 1984), cert. granted and vacated on other grounds sub. nom., *City of Lawton v. Lusby*, 474 U.S. 805 (1985), aff'd after reconsideration—and argues they constitute clearly established law here. However, both are factually distinguishable and any comparison to *Baptiste* and *Lusby* falls apart upon brief review. As the District Court correctly determined, there is no Supreme Court or Tenth Circuit case with facts sufficiently similar to the present appeal, and Officer Calvano is, therefore, entitled to qualified immunity. The same is true for the clearly established weight of authority from other circuits.

Plaintiff devotes the majority of his Opening Brief to cutting and pasting arguments from a previous pleading arguing the Magistrate Judge improperly relied on his refusal to answer questions. Plaintiff's argument misunderstands the Magistrate Judge's analysis. Plaintiff's refusal was not considered by the Magistrate Judge (and later by the District Court) in establishing probable cause for arrest but rather to compare the facts in Plaintiff's Amended Complaint to the facts in *Baptiste* and *Lusby* to assess whether they were sufficiently similar to constitute clearly established law. Finally, Plaintiff has failed to adequately plead a wrongful arrest claim and, likewise, has failed to establish a constitutional violation relating to his arrest, necessary for the first prong of the qualified immunity analysis.

## VI.  STANDARD OF REVIEW

## A. STANDARD OF REVIEW BELOW.

Fed. R. Civ. P. 12(b)(6) tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (internal quotations and citations omitted).

Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  This does not mean a complaint needs to state detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint that merely offers 'labels and conclusions' or a

8

formulaic recitation of the elements of a cause of action will not do. ***Id.*** (quoting ***Twombly***, 550 U.S. at 555). "Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" ***Id.*** (alteration omitted) (quoting ***Twombly***, 550 U.S. at 557).

On a motion to dismiss, the court must accept as true all the well-plead factual allegations in the complaint. ***Id.*** A court is not, however, required to accept legal conclusions. ***Id.*** Thus, to analyze the sufficiency of the complaint, a court should begin by identifying allegations that "are not entitled to the assumption of truth," such as legal conclusions, bare assertions, and statements that are merely conclusory. ***Id.*** at 664. "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims. ***Ridge at Red Hawk, L.L.C. v. Schneider***, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). The court should then consider only the well-plead factual allegations to determine "whether they plausibly give rise to an entitlement to relief." ***Ashcroft***, 556 U.S. at 664. Where the well pleaded allegations do not establish facial plausibility, the complaint should be dismissed.

9

Finally, although Plaintiff's pleadings are construed liberally because he is *pro se*, Plaintiff still must follow the Federal Rules of Civil Procedure. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994). Plaintiff's *pro se* status does not lessen his duty to comply with various rules governing litigants and counsel or substantive law, as he is held to the same standards as counsel licensed to practice before this Court. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden*, 32 F.3d at 455.

## B. STANDARD OF REVIEW ON APPEAL.

This Court reviews a district court's grant of a motion to dismiss for qualified immunity *de novo*, applying the same standard used by the lower court. *See Sanchez v. Hartley*, 810 F.3d 750, 753 (10th Cir. 2016).

## VII. ARGUMENT

### A. THE DISTRICT COURT PROPERLY CONCLUDED OFFICER CALVANO WAS ENTITLED TO QUALIFIED IMMUNITY.

i. Qualified Immunity Protects an Officer who Acts Reasonably and Complies with Clearly Established Law.

Officer Calvano is entitled to qualified immunity based on the circumstances of Plaintiff's arrest. Qualified immunity is not only a defense against liability—but also immunity from suit. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). It allows the court to resolve claims against officials before subjecting them "'either to the

10

costs of trial or to the burdens of broad-reaching discovery'" in cases where the legal norms the officials allegedly violated were not clearly established at the time. *Id.* at 526 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Its "central purpose" is to protect officials "from undue interference with their duties and from potentially disabling threats of liability." *Elder v. Holloway*, 510 U.S. 510, 514 (1994). It is both an entitlement not to stand trial, *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992), and a shield against trial-associated burdens, *Pueblo Neighborhood Health Ctrs. v. Losavio*, 847 F.2d 642, 645 (10th Cir. 1988).

Because Officer Calvano asserts qualified immunity, Plaintiff bears a "heavy" two-part burden. *Mick v. Brewer*, 76 F.3d 1127, 1134 (10th Cir. 1996). First, the defendant's conduct must have violated a constitutional right, with contours sufficiently clear for a reasonable officer to have understood his acts were unlawful. *Saucier v. Katz*, 533 U.S. 194, 201-02 (2001); *see Pearson v. Callahan*, 555 U.S. 223, 232, 236 (2009). Second, even if a right was violated, applicable law must have been "clearly established" such that the defendant would not enjoy immunity. *See Kerns v. Bader*, 663 F.3d 1173, 1180 (10th Cir. 2011) ("every reasonable official" must understand he violated the law (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011))). "A court evaluating qualified immunity is free to "exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis

should be addressed first in light of the circumstances in the particular case at hand.'" *Id.* (quoting ***Pearson v. Callahan***, 555 U.S. 223, 236 (2009)). If Plaintiff fails to satisfy either prong, the court must grant qualified immunity. ***Grissom v. Roberts***, 902 F.3d 1162, 1167 (10th Cir. 2018).

For the law to be "clearly established" in the Tenth Circuit, "there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." ***Clark v. Wilson,*** 625 F.3d 686, 690 (10th Cir. 2010). It is Plaintiff's burden to identify a case where an official acting under sufficiently similar circumstances was held to have violated a claimant's constitutional rights. *See* ***White v. Pauley***, 137 S. Ct. 548, 552 (2017). In undertaking a qualified immunity analysis, it is important to define the constitutional right at issue "at the appropriate level of specificity." ***Wilson v. Layne***, 526 U.S. 603, 615 (1999). On this issue, the Supreme Court of the United States Supreme has:

> [R]epeatedly told courts…not to define clearly established law at a high level of generality. The dispositive question is whether the violative nature of *particular* conduct is clearly established. This inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition. Such specificity is especially important in the Fourth Amendment context, where the Court has recognized that [i]t is sometimes difficult for an officer to determine how the relevant legal doctrine…will apply to the factual situation the officer confronts.

*Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam) (citations and quotation marks omitted). This demanding standard protects all but the "plainly incompetent or those who knowingly violate the law." *Patel v. Hall*, 849 F.3d 970, 980 (10th Cir. 2017) (internal citation omitted).

ii.     No Clearly Established Law.

The District Court properly concluded Officer Calvano was entitled to qualified immunity. Specifically, the District Court applied only the second prong of the qualified immunity analysis and determined it was not clearly established Officer Calvano did not have arguable probable cause to arrest Plaintiff.

Plaintiff relied on only two Tenth Circuit cases to establish his burden-*Baptiste* and *Lusby*. *Baptiste* and *Lusby* cannot be clearly established law here. Both cases are factually distinguishable and, thus, neither would put a reasonable officer on notice that he lacked probable cause to arrest Plaintiff.

In *Baptiste*, the plaintiff purchased a ring from J.C. Penney. 147 F.3d at 1254. Security guards, who had been watching the plaintiff on a store monitor, believed she had stolen a ring. *Id.* As a result, when the plaintiff exited the store, she was stopped by security guards and escorted to a basement office. *Id.* Plaintiff produced a receipt for her purchases and emptied the contents of the bag she was carrying. *Id.* The guards did not find a stolen ring and called the police. *Id.* Upon arrival, the

police officer spoke with the guards and watched the security video. *Id.* The videotape showed the plaintiff trying on rings and comparing them to a ring she had removed from her bag. *Id.* Eventually, the plaintiff returns one ring to her bag and looks for a salesperson, while holding a second ring in her hand. *Id.* There is a gap in the recording before the video shows the plaintiff making a purchase. *Id.* After watching the recording, the officer questioned the plaintiff, searched her bag, and ordered her to empty her pockets. *Id.* at 1255. Thereafter, a second officer arrived, watched at least part of the video and conducted a pat down search, finding nothing. *Id.* The plaintiff was then told she was free to leave. *Id.*

Considering these facts, the Court found a constitutional violation. The Court distinguished *Gramenos v. Jewel Cos.*, 797 F. 2d 432 (7th Cir. 1986), argued by the defendants, which held an officer has probable cause when the officer receives information "from a witness 'who it seems reasonable to believe is telling the truth.'" *Baptiste*, 147 F.3d at 1256 (quoting *Gramenos*, 797 F.2d at 439). The Court noted the police have "reasonable grounds" to believe store security guards "because it is unlikely such a guard would be improperly motivated." *Id.* In *Gramenos*, the officers did not have the benefit of a videotape and had to make their probable cause determination based solely on the observations of the store security guard and the

14

plaintiff's denial of the allegations, which provided "reasonable grounds" to believe the security guard. *Id.*

Conversely, in *Baptiste*, the officers had ample evidence available to them for review. *Baptiste*, 147 F.3d at 1257. The Court considered whether it was reasonable for officers to rely on the guards' shoplifting allegations "in light of the conduct recorded on the videotape; Ms. Baptiste's explanation; her production of receipts for two rings; and the search of her bag, purse, and pockets which revealed no stolen merchandise." *Id.* Notably, the guards' allegations were based on their observations of the plaintiff's conduct, which were captured in their entirety and preserved on a videotape available to officers. *Id.* The Court independently reviewed the video and determined the plaintiff's actions were "insufficient as a matter of law to establish probable cause." *Id.* Ultimately, the Court, drawing from *Lusby*, which it identified as clearly established law, held "police officers may not ignore easily accessible evidence and thereby delegate their duty to investigate and make an independent probable cause determination based on that evidence." *Id.* at 1259. The Court also explained, "[w]hile officers may weigh the credibility of witnesses in making a probable cause determination, they may not ignore *available* and *undisputed* facts." *Id.* Because the officers could review the same video as

watched by the guards, their reliance on the guards was "not reasonable" under the circumstances.

Plaintiff also relies on *Lusby*. *Lusby* is, likewise, factually different from the facts in the present appeal. In *Lusby*, the plaintiff paid for a pair of sunglasses and then went back into the store, grabbed a can of hairspray, and purchased the hairspray. 749 F.2d at 1247. A store employee saw the plaintiff pay for the hairspray but not the sunglasses and told an off-duty police officer working security. *Id.* The officer stopped the plaintiff and asked for a receipt for the sunglasses. *Id.* The plaintiff explained he had paid for the glasses but had lost the receipt. *Id.* As a result, the officer arrested the plaintiff and took him back into the store. *Id.* Upon reentering the store, the plaintiff attempted to flag the cashier, but the officer stopped him. *Id.* The officer did not speak to the cashier or otherwise investigate the plaintiff's alleged shoplifting. *Id.* The Court held the officer was not entitled to qualified immunity because he acted unreasonably by not confirming with the cashier that the plaintiff had not paid for the sunglasses and by refusing to allow the plaintiff to get the cashier's attention at a time when her memory would have been fresh. *Id.* at 1432.

Here, Plaintiff tries to force the square peg of his allegations into the round hole of *Lusby's* and *Baptiste's* facts and holding, but, as to be expected, they do not

16

fit.  The crux of Plaintiff's argument is that Officer Calvano based his decision to arrest Plaintiff on information supplied by non-eyewitness store employees who he allegedly "commissioned to investigate" on his behalf, thereby improperly delegating his duty to investigate to store employees.  As the District Court aptly noted, the problem with this argument is that nowhere in the Plaintiff's Amended Complaint does he plausibly plead there was other *available* evidence for Officer Calvano to review.  Rather, Plaintiff alleges only that, "Naturally, such conclusions"—from the Walmart employee—"would have had to have been based on some sort of empirical evidence available to the employee, such as security camera footage, that the Defendant Officer would have had ready access to himself…".  [ROA at 152].

Plaintiff does not allege any facts to support his conclusory assertion that there was any empirical evidence in this case, that the Walmart employee's conclusion was based on any empirical evidence, or that Officer Calvano had access to this empirical evidence.  Plaintiff's bald assertion is speculative, conclusory, and unsupported, and the District Court properly refused to consider it in dismissing the Amended Complaint.

Plaintiff previously tried to remedy the deficiencies in his Amended Complaint through his other pleadings and, again, he seeks to do so here, asserting

an exhaustive—but conclusory—list of empirical evidence available in shoplifting cases and imputing that list to Officer Calvano.  [*See* Op. Br. at 4, ¶ 1].  Conclusory assertions to the effect of—'this type of evidence (i.e. video, receipts) generally exists in shoplifting cases, therefore it must exist in this case and must have been available to Officer Calvano'—does not meet the pleading standards of Rule 8.  As such, Plaintiff has given this Court no basis to conclude there was any extrinsic evidence available for Officer Calvano to consider, and, therefore, the comparison to *Lusby* or *Baptiste* fails.

While it was unreasonable for the officers in *Baptiste* to rely on store employees' allegations when there was a video and other evidence available to the officers, here there was no video or other record of "*available* and *undisputed*" facts at the time Officer Calvano made his decision.  As the District Court noted in its Order:

> *Baptiste* did not hold that a police officer is never allowed to rely on the statements of a security officer.  Instead, it held that, in the circumstances of that case—where a plaintiff had shown her receipts, there was a videotape—it was unreasonable to base probable cause [*sic*] the statements of the security officers.

[ROA at 374].

Moreover, in *Baptiste*, not only was there easily accessible evidence available to the officers, this evidence *directly contradicted* the security guards' statements.

18

Here, there is no allegation of a contradictory video or other evidence. The conflict between the different categories of evidence was central to the ***Baptiste*** Court's holding, and without this contradictory evidence, it is not "clear enough that every reasonable officer would interpret it to establish the particular rule the plaintiff seeks to apply." ***District of Columbia v. Wesby***, 138 S. Ct. 577, 590 (2018). Therefore, ***Baptiste*** cannot constitute clearly established law here.

Likewise, ***Lusby*** is factually different from the present case. In ***Lusby***, the plaintiff explained to the officer that he had purchased a pair of sunglasses minutes earlier and, therefore, there was a cashier who could easily confirm or deny the plaintiff's statements. 749 F.2d at 1247. Rather than investigate the Plaintiff's story, the officer arrested him. ***Id.*** This significantly differs from the facts in the present appeal. As the District Court observed, "not only has plaintiff not alleged that there was any readily evidence available to defendant, but plaintiff made no statement to defendant to call defendant's attention to the existence of such evidence." [ROA at 375]. Additionally, as soon as Plaintiff made evidence available to Officer Calvano, namely his receipt, Officer Calvano immediately considered this receipt and rescinded the summons. As the District Court properly concluded, ***Lusby*** is not sufficiently similar to constitute clearly established law here. [ROA at 375].

19

Plaintiff's argument that Magistrate Judge Hegarty improperly applied *Lusby* by considering events which occurred after the plaintiff's arrest (namely the plaintiff's attempt to flag the cashier) to bootstrap probable cause is unpersuasive. First, the plaintiff in *Lusby* provided an explanation to the officer *before* his arrest. 749 F.2d at 1247. As such, information negating guilt was provided to the officer before he made his probable cause determination. Logic dictates (and the Tenth Circuit found) that if an individual claims to have purchased an item minutes earlier, there would a clerk who could confirm or deny these allegations- at least that was the case in 1984 when *Lusby* was decided, prior to the advent of self-checkout lanes. *Id.* at 1432. Moreover, the Tenth Circuit held the officer's actions were unreasonable because: (1) he did not attempt to speak with the cashier and (2) he refused to allow the plaintiff to get the cashier's attention. *Id.* As such, Magistrate Judge Hegarty's consideration of the officer's refusal to allow the plaintiff to flag the cashier when comparing the facts in *Lusby* to the present case was appropriate because this refusal was central to the *Lusby* Court's holding.

Additionally, the present case stands apart from *Baptiste* and *Lusby* because Officer Calvano was a percipient witness to the conduct at issue. Unlike the officers in *Baptiste* and *Lusby* who were dispatched in response to a report of shoplifting, Officer Calvano was physically present in the store and witnessed Plaintiff leave the

20

store with cheese in hand and no bag or receipt. While Officer Calvano reasonably relied on the Walmart employee's report that Plaintiff had not paid for the cheese, his investigation did not begin or end there. Rather, Officer Calvano based his investigation on his own observations, questioning, and interview of Plaintiff.

The other considerations outlined by the Tenth Circuit in *Baptiste* and *Lusby* are not applicable here. In *Baptiste*, the plaintiff provided an explanation and receipt, there was available video which recorded the plaintiff's actions, and there were searches. In *Lusby*, the plaintiff provided an explanation and called the officer's attention to evidence which could corroborate his story.

The present case is inapposite. Plaintiff provided no explanation to Officer Calvano (in fact, he refused to state affirmatively he had paid for the cheese); he refused to provide a receipt until he had been arrested; there is no (non-conclusory) allegation that video existed or that it was made available to Officer Calvano; and there was no search. Put simply, none of the factors important to the *Baptiste* and *Lusby* courts are present here. In fact, this case is more like *Gramenos*, where there was no video, the plaintiff denied the allegations, and the Court held it was reasonable for the officer to rely on the security guards and found probable cause.

In addition to *Baptiste* and *Lusby*, Plaintiff cites *Harbin v. City of Albuquerque*, 2006 U.S. Dist. LEXIS 115999 (D. N.M. 2006) for the first time in

21

his Opening Brief——to show clearly established law. ***Harbin*** is an unpublished District Court case, which is not binding on this Court and is, therefore, insufficient to show clearly established law. *See **Mecham v. Frazier***, 500 F.3d 1200, 1206 (10th Cir. 2007) ("An unpublished decision…even if the facts were closer, provides little support for the notion that the law is clearly established."). Moreover, the facts in ***Harbin*** are factually different from the present appeal. In ***Harbin***, an officer was called to a Walmart in response to a report of a female attempting to pass a check suspected to be fraudulent. 2006 U.S. Dist. LEXIS at 2-3. Upon arrival at the Walmart, the officer located the female suspect and immediately placed her under arrest, without speaking to the suspect or otherwise attempting to investigate. ***Id.*** at 3. The female was later released with no criminal charges issued. ***Id.*** at 5. There was evidence the officer knew that the allegations of the security guard who called 911 were based on physical evidence in the custody of Walmart which was readily available to her for inspection. ***Id.*** at 18-19. Applying ***Baptiste*** and ***Lusby*** as clearly established law, the District Court held the officer was not entitled to qualified immunity, finding she did not act reasonably by placing the female suspect under arrest without attempting to investigate. ***Id.*** ***Harbin*** is distinguishable from the present case. Again, Plaintiff has not alleged there was readily accessible evidence

22

available to Officer Calvano.  Moreover, Officer Calvano did not immediately arrest Plaintiff but rather waited to speak with Plaintiff and investigate the incident.

Plaintiff's argument relies on a conclusory, unsupported assertion there was available evidence and an extrapolation of the holding of **Baptiste** and **Lusby** with no regard for the underlying facts and circumstances in either case.  However, the facts are dissimilar, and the holdings are not applicable here. Plaintiff has not met his burden of showing clearly established law. Therefore, this Court must affirm the District Court's grant of Officer Calvano's Second Motion to Dismiss as a matter of law.

**B.    PLAINTIFF'S ARGUMENT THAT THE MAGISTRATE JUDGE IMPROPERLY RELIED ON PLAINTIFF'S REFUSAL TO RESPOND TO OFFICER CALVANO'S QUESTIONS IN ANALYZING PLAINTIFF'S CLAIM IS IRRELEVANT.**

Plaintiff dedicates the majority of his Opening Brief to asserting he maintains the right to not respond to police questioning and arguing Magistrate Judge Hegarty improperly relied on his refusal to answer Officer Calvano's questions in analyzing his second claim for relief.  For many reasons, Plaintiff's argument misses the mark. Plaintiff's argument appears to be simply cut and pasted from the argument he previously raised in his Objection to the Magistrate Judge's Recommendation, and he does not address the Chief Judge's Order (and the findings and reasoning therein) at all.  Notably, Plaintiff has not brought any claims relating to his refusal to answer

Officer Calvano's questions under the First or Fifth Amendments or any other applicable constitutional provisions, rendering his argument wholly irrelevant.

As the District Court correctly noted, "The issue is not whether plaintiff retains a right to refuse to answer questions, but in the context of the facts as alleged by plaintiff, whether it was clearly established that defendant did not have probable cause to arrest plaintiff." [ROA at 370]. Specifically, the District Court considered the facts as alleged in Plaintiff's Amended Complaint (where Plaintiff refused to answer questions) to compare these allegations with the facts in *Baptiste* and *Lusby* (where the plaintiffs did not similarly refuse to answer questions), to determine whether these cases were sufficiently similar to be considered clearly established law. [*Id.*]. The District Court did not consider Plaintiff's refusals as a basis to conclude Officer Calvano had probable cause to arrest Plaintiff. In fact, the District Court did not address the first prong of the qualified immunity standard at all, instead solely basing its decision on the Plaintiff's failure to establish his burden on the second prong. *See Hunt v. Bd. of Regents of Univ. of N.M.*, 792 F. App'x 595, 600-01 (10th Cir. 2019) (unpublished) (citing *Camreta v. Greene*, 563 U.S. 692, 707 (2011)) (courts are permitted to address the prongs of qualified immunity in any order they wish and, should "think hard" before addressing both prongs).

24

Even so, Plaintiff's argument is faulty and based on an erroneous application of caselaw.  As the District Court correctly observed, there is no clearly established right under the First, Fourth, or Fifth Amendments to refuse to answer an officer's questions during an investigative stop.  [RAP at 341; 371 (citing ***Koch v. City of Del City***, 660 F.3d 1228, 1242-46 (10th Cir. 2011)].  The ***Koch*** court further observed that "cases suggest that use of compelled statements as a basis to arrest by itself does not run afoul of the First Amendment." ***Koch***, 660 F.3d at 1245-46 (gathering cases).  Applying ***Koch*** to the present case, Plaintiff did not have a clearly established right to refuse to answer Officer Calvano's questions during the investigative stop, and, therefore, Plaintiff's refusal to answer questions about whether he purchased the cheese in question was an appropriate fact to consider in determining whether Officer Calvano had probable cause to arrest.

Plaintiff relies on ***Kaufman v. Higgs***, 697 F.3d 1297 (10th Cir. 2012) for the proposition that a plaintiff has a right to remain silent in the face of an officer's questioning pursuant to established Colorado law.  The Appellant's reliance is misplaced; ***Kaufman*** stands for no such proposition.  Rather, in ***Kaufman***, the Court analyzed Colorado's obstruction statute and found no reasonable officer would have construed the *obstruction statute* as criminalizing the right to remain silent when faced with potentially incriminating questions. ***Id.*** at 1302; *see* RAP at 371, footnote

3.  In other words, *Kaufman* pertained specifically to the obstruction statute and did not articulate any standalone rights under the Constitution.

Likewise, Plaintiff's reliance on *United States v. Hunnicutt*, 135 F.3d 1345 (10th Cir. 1998) is misplaced.  In *Hunnicutt*, the Court held that "refusal to consent should not have been considered in determining reasonable suspicion."  *Id.* at *16. The "consent" at issue in *Hunnicutt* involved a consent to search—a separate legal concept subject to different constitutional requirements.  A refusal to answer questions and a refusal to consent to search are not the same, and *Hunnicutt's* holding regarding the latter does not govern the former.  Plaintiff's argument is incorrect; however, as outlined above, Plaintiff's refusal to answer questions was considered by the District Court in comparing his situation to the facts in other Tenth Circuit cases to evaluate the second prong of the qualified immunity analysis. Therefore, this argument is irrelevant and does not warrant further discussion.

    **C.**    **IN THE ALTERNATIVE, THIS COURT MUST AFFIRM THE DISMISSAL OF THIS ACTION ON DIFFERENT GROUNDS.**

Prior to the District Court's dismissal of the action, Officer Calvano filed his Second Motion to Dismiss.  In addition to the reasons for dismissal outlined in the Recommendation and the Order, Officer Calvano's Second Motion to Dismiss asserted two new arguments: (1) Plaintiff failed to state a claim for wrongful arrest,

26

and (2) he did not adequately plead a violation of his constitutional rights and Officer Calvano was, therefore, entitled to qualified immunity.  [RAP at 233-38; 242-43].

If this Court disagrees with the District Court regarding the absence of clearly established law, the Court can nonetheless affirm the dismissal on the other grounds raised in Officer Calvano's Second Motion to Dismiss.  See ***Renaud v. Wyoming Dep't of Family Servs***., 203 F.3d 723 (10th Cir. 2000) (affirming dismissal of action on different grounds than those relied upon by the District Court).

    i.        <u>Plaintiff's Allegations Fail to State a Claim for Wrongful Arrest.</u>

Plaintiff has not plausibly plead a false arrest claim.  A Fourth Amendment claim for false arrest fails "if a reasonable officer could have believed that probable cause existed" for the arrest.  ***Romero v. Fay***, 45 F.3d 1472, 1476 (10th Cir. 1995).  This applies to warrantless arrests, as "a police officer may arrest a person without a warrant if he has probable cause to believe that person committed a crime."  ***Id.***; *cf*. C.R.S. § 16-3-102.

Probable cause is found where the officer has knowledge of "facts and circumstances," or other reasonably trustworthy information, which would "lead a prudent person to believe that the arrestee has committed or is committing an offense."  ***Romero***, 45 F.3d at 1476 (internal quotations omitted).  It is based on the totality of the circumstances and does not require "a precise quantum of evidence."

<div align="center">27</div>

***Stonecipher v. Valles***, 759 F.3d 1134, 1141 (10th Cir. 2014). In assessing probable cause, the court examines whether there was a "substantial probability"—or "more than a bare suspicion"—that the suspect committed the crime. ***Stonecipher***, 759 F.3d at 1141 (internal quotations omitted).

A reasonable officer in Officer Calvano's circumstances would have found probable cause for Plaintiff's arrest. The Amended Complaint does not specify the municipality under whose ordinances this summons was issued, but it is reasonable to conclude the municipality was Commerce City. [RAP at 149 (alleging the Walmart was in Commerce City and Officer Calvano was a Commerce City police officer)]. The Commerce City Municipal Code defines theft in relevant part as, "It shall be unlawful for any person to knowingly obtain or exercise control over anything of another, with a value of less than two thousand dollars ($2,000), without authorization, or by threat or deception, when such person deprived the other person permanently of the use or benefit of the thing of value." Commerce City Municipal Code § 12-3004.[4]

---

[4] The Court may take judicial notice of a municipal ordinance presented to the Court by a party in considering a motion to dismiss, and this does not convert the motion to dismiss into a motion for summary judgment. *See **Pace v. Swerdlow***, 519 F.3d 1067, 1072-73 (10th Cir. 2008) (citing ***Zimomra v. Alamo Rent-A-Car***, 111 F.3d 1495, 1503-04 (10th Cir. 1997)).

Excluding conclusory allegations which cannot be considered, *Ashcroft*, 556 U.S. at 664, the Amended Complaint alleges the following non-conclusory facts that a reasonable officer would have considered in making a probable cause determination for municipal theft pursuant to Commerce City Municipal Code: (1) Plaintiff was leaving a Walmart; (2) he was carrying unbagged merchandise; (3) his receipt was not visible to the officer; (4) he did not produce a receipt at the officer's request; and (5) Walmart employees investigated whether Plaintiff paid for the cheese and thereafter informed the officer he had not paid for the cheese. [RAP at 150-52].

Probable cause existed that Plaintiff stole the cheese based on the totality of the circumstances. Specifically, Plaintiff's allegations show that an officer could have reasonably determined his conduct met the elements of the Commerce City Municipal Code:

- Plaintiff "knowingly obtained[ed] or exercise[ed] control over anything of another," by knowingly carrying the cheese;

- Any reasonable person would conclude that the Walmart cheese had "a value of less than two thousand dollars ($2,000.00)";

- An officer could reasonably conclude that Plaintiff acted "without authorization, or by threat or deception" as he was carrying merchandise

29

without a bag, receipt, or any other standard indicia which outwardly evidences a lawful purchase; he refused to provide a receipt or confirm whether he paid for the cheese; and a Walmart employee said Plaintiff had not paid for the cheese; and

- An officer could reasonably conclude that Plaintiff "[i]ntended to deprive [Walmart] permanently of the use or benefit of the thing of value" when he attempted to leave the Walmart with the cheese in hand.

As such, under the circumstances as alleged in the Amended Complaint, a reasonable officer would have believed probable cause existed for Plaintiff's arrest for municipal theft. Accordingly, Plaintiff has failed to state a cognizable wrongful arrest claim.

ii. Plaintiff's Amended Complaint Does Not Adequately Allege a Violation of Constitutional Rights.

As outlined in subsection i above, a reasonable officer in Officer Calvano's position could have concluded there was probable cause to arrest Plaintiff for municipal theft.  As such, the Amended Complaint demonstrates Officer Calvano had probable cause to arrest the Appellant for municipal theft.  Assuming, *arguendo*, Officer Calvano did not have probable cause, he had at least arguable probable cause, i.e. a reasonable officer learning these facts could have concluded that probable

cause existed, regardless of the ultimate legal determination of whether probable cause did, in fact, exist. *See **Stonecipher***, 759 F.3d at 1141 (citation omitted). Because Officer Calvano had arguable probable cause, he is entitled to qualified immunity. *See **id.*** (in evaluating a qualified immunity defense on an unlawful search or arrest claim, courts must ascertain whether a defendant violated clearly established law "by asking whether there was 'arguable probable cause'" for the challenged conduct… "A defendant is entitled to qualified immunity if a reasonable officer could have believed that probable cause existed to arrest or detain the plaintiff.") (citations omitted).

<div align="center">

**CONCLUSION**

</div>

For the foregoing reasons, Defendant-Appellee Officer Don Calvano respectfully requests the judgment of the United States District Court be affirmed.

<div align="center">

**STATEMENT REGARDING ORAL ARGUMENT**

</div>

Defendant-Appellee does not request oral argument.

<div align="center">

**CERTIFICATION OF COMPLIANCE WITH RULE 32(a)**

</div>

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

**X**   this brief contains **6,999** words, excluding the parts of the brief

exempted by Fed. R. App. P. 32(f) and 10th Cir. R. 32. I relied on my computer word

processor software (MS Office 365 Pro Plus) to obtain the word count.

2.      This brief complies with the typeface requirements of Fed. R. App. P.

32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

 **X**   this brief has been prepared in a monospaced typeface using Times New

Roman, 14-point font.

Respectfully Submitted this 30th day of  August 2021.

> *s/Katherine N. Hoffman*
> Katherine N. Hoffman, Esq.
> Ryan L. Winter, Esq.
> of HALL & EVANS, L.L.C.
> 1001 17th St., Suite 300
> Denver, CO 80202
> Phone:    303-628-3300
> winterr@hallevans.com
> hoffmank@hallevans.com
> **ATTORNEYS FOR**
> **DEFENDANT-APPELLEE**
> **DON CALVANO**

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on August 30, 2021, I electronically filed the foregoing

Brief with the Clerk of this Court via the CM/ECF system and served same via email

and first class mail to Appellant at the address below.

William Montgomery
2443 S University Blvd PMB 129
Denver, CO 80210
zoinbergs@gmail.com

<div style="margin-left:50%">

*s/Katherine N. Hoffman*
Katherine N. Hoffman, Esq.
Ryan L. Winter, Esq.
HALL & EVANS, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Phone: (303) 628-3300
hoffmank@hallevans.com
winterr@hallevans.com;
**ATTORNEYS FOR DEFENDANT-APPELLEE DON CALVANO**

</div>